UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEMETRIUS REID, PLAINTIFF

v. CIVIL ACTION NO. 3:09-CV-931-S

SWIFT PORK COMPANY, DEFENDANT

**MEMORANDUM OPINION**

Demetrius Reid was discharged from his employment at the defendant's[1] pork slaughter and processing plant. He says he was fired because (a) he is black and (b) he complained about a coworker addressing him with a racial epithet. Defendant contends that Reid never filed any complaints, and that he threatened the coworker (saying "F--- you, I'll kick your ass"), thereby justifying immediate termination under the company's collective bargaining agreement (CBA) with its union.

By the time the termination became final, the parties had been through three levels of grievance procedures and had submitted the dispute to "binding mediation" before one Henri L. Mangeot, who determined that the plaintiff had in fact threatened his coworker and that his words went "far beyond shop talk." (Ex. D to Herrera Aff. 3.) Mangeot therefore denied the grievance. (*Id.*) Reid then filed this lawsuit, alleging that his discharge violated the Kentucky Civil Rights Act (KCRA), KRS 344.010 et seq. Defendant removed the case pursuant to 28 U.S.C. § 1441, asserting diversity of citizenship under 28 U.S.C. § 1332.[2] The parties have not yet undertaken discovery, but

---

[1] The case, as originally captioned, named the defendant as "Swift Pork Company." We are now advised that the defendant is more properly designated "JBS USA, LLC, f/k/a Swift & Company." For clarity's sake we will stick with "defendant" in this opinion.

[2] Kentucky law therefore governs the substance of the case. *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 573 (6th Cir. 2008).

the defense has nevertheless moved for summary judgment on the grounds that (a) the "binding mediation" precludes this action, and (b) if the mediation is not preclusive, it at least establishes the absence of material questions of fact and the defendant's freedom from liability.

A party moving for summary judgment has the burden of showing that there are no genuine issues of material fact and that the movant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in the light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

Defendant first argues that the mediation procedure bars this lawsuit. We disagree. The mediation, according to the mediator's decision, was specifically limited to "the merits of a grievance" under the CBA (Ex. D to Herrera Aff. 1), and this action was filed under the KCRA. These are distinct causes of action. Furthermore, it does not appear that the mediator had authority under the CBA to decide statutory claims: the only mention of mediation falls under "Article

7—Grievance Procedure," which only covers "grievance[s] pertaining to . . . specific violation[s] of" the CBA, and "violation[s] of employee's working conditions." (Ex. A to Fernandez Aff. 6.) It makes no mention of any statutory or common-law rights. And while there is no description whatsoever of what "binding mediation" means (it seems almost a contradiction in terms, but no matter), it specifically limits arbitrators' authority to the application of "the terms and conditions specifically set forth in this Agreement." (*Id.* at 7.) The Supreme Court has said, in a related context:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50 (1974). We think the same logic applies with equal force here. Reid's statutory rights are separate from his rights under the CBA, and were not decided in the mediation. He is therefore not precluded from litigating them in court.

Defendant tries to escape this conclusion by citing *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009), which held "that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law." *Id.* at 1474. This is just irrelevant here, because the CBA in this case does not require that statutory causes of action (which are all that the plaintiff has asserted) be handled through arbitration or mediation. *Pyett* says that the parties *could* have agreed to arbitrate or "bindingly mediate" cases such as this one, but the fact is that they did not do so. We conclude that the mediation, binding or not, did not waive the plaintiff's right to bring suit under the KCRA.

That is not, however, the end of our decision. The defense has also moved for summary judgment on the merits of Reid's cause of action, which alleges that the defendant fired him in retaliation for complaining about race discrimination (which allegedly took the form of his coworker's use of racial epithets), in violation of KRS 344.280. The prima facie case consists of three elements: (1) that the plaintiff engaged in a protected activity; (2) that he was disadvantaged by an act of her employer; and (3) that there was a causal connection between the protected activity and the employer's act. *Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 133-34 (Ky. 2003) (*citing Ky. Ctr. for the Arts v. Handley*, 827 S.W.2d 697, 701 (Ky. Ct. App. 1991)). Once the plaintiff makes this initial showing, "the burden of production shifts to the defendant to show a non-retaliatory reason for the adverse employment decision that disadvantaged the plaintiff." *Id.* at 134 (*citing Handley*, 827 S.W.2d at 701). The defendant argues both that Reid cannot make out the prima facie case and that in any event it had a legitimate non-retaliatory reason for discharging him.

A defendant "may move, with or without supporting affidavits, for summary judgment," which "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b), (c). The Supreme Court has read this language to require "entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The present posture of this case leaves us in a somewhat uncomfortable position. The case was filed on November 12, 2009, and removed on November 25. The defendant moved for summary judgment on February 16, 2010, before the parties

had undertaken any discovery. Included with the motion were affidavits of two of the defendant's employees, as well as copies of the CBA, an employee handbook, and the mediator's decision. The defendant clearly thinks it has all the information it needs to obtain judgment (and it turns out that we agree), but the plaintiff argues that the motion is premature because of the lack of discovery. We are sympathetic to that position, but we think that the court is bound by the fact that Reid has failed to invoke the specific remedy provided to parties in this situation. The court is empowered to deny a summary judgment motion or to order discovery where a party is unable to "present facts essential to justify its opposition," but only if that party "shows by affidavit that, for specified reasons, it cannot" do so. Fed. R. Civ. P. 56(f). Because the plaintiff has not presented us with an affidavit explaining its inability to defend its position with evidence, we are not vested with authority to grant the relief contemplated by Rule 56(f). Thus we must decide the case on the state of the record as it stands before us.

Which is to say that we must grant the motion. Plaintiff has presented no evidence in support of its prima facie case. Moreover, defendant has provided uncontradicted affidavits showing that the plaintiff's version of events is false. According to Eduardo Fernandez (a human resource manager who was present at Reid's Step 2 and 3 grievance hearings), the plaintiff denied ever informing his supervisor of the use of the "n-word." (Fernandez Aff. ¶¶ 28, 29, 33.) Wilson Herrera, the defendant's Director of Human Resources, confirms this account. (Herrera Aff. ¶¶ 9, 15). If Reid did not report the alleged discrimination, he cannot have been fired in retaliation for doing so. His claim therefore must fail.

Though we might be hesitant to grant judgment in the absence of discovery on the basis that the plaintiff has not supported his theory, there is another ground on which to do so. Were we to find

a genuine issue of material fact as to the prima facie case, the defense could still obtain summary judgment by proving that it had a legitimate reason for firing him, unrelated to his protected activity. Here, the record contains ample evidence that the plaintiff lost his job because he threatened to "kick [his coworker's] ass"—an offense justifying immediate termination under the CBA—and not because he complained about racism. Fernandez reports that Reid's coworker heard him make the threat, and that the plaintiff admitted to making it in the initial grievance meeting. (Fernandez Aff. ¶¶14, 16, 17.) After taking testimony, the mediator reached the conclusion that the threat, and not any retaliatory purpose, was the company's reason for suspending and then firing Reid. (Ex. D to Herrera Aff. 2-3.) None of this is controverted anywhere in the record or the briefs. The defendant has satisfied the court that Reid was discharged because he threatened another employee, and (again) the plaintiff has presented no evidence or affidavits in rebuttal. There is no issue of material fact here.

Summary judgment is thus appropriate on both of the substantive grounds advanced by the defense. We will grant it in a separate order issued herewith.